UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

UNITED CLEANUP OAK RIDGE LLC,   )
                                )
             Plaintiff,         )
                                )          3:26-CV-00160-DCLC-DCP
       v.                       )
                                )
NATIONAL LABOR RELATIONS        )
BOARD, et al.,                  )
                                )
             Defendants.        )

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion for Temporary Restraining Order and/or a Preliminary

Injunction filed by Plaintiff, United Cleanup Oak Ridge LLC ("UCOR").  [Doc. 4].  Defendants,

the National Labor Relations Board, three members of its board, its General Counsel, and an

Administrative Law Judge ("ALJ"), all of whom are sued in their official capacities, (collectively,

the "NLRB") responded.  [Doc. 22].  UCOR replied.  [Doc. 23].  For the reasons below, UCOR's

Motion is **DENIED**.

I.      **BACKGROUND**

UCOR brought this action against the NLRB alleging that the structure of the NLRB itself

and its administrative proceeding against UCOR is unconstitutional.  *See* [Doc. 1].  The underlying

action before the NLRB stems from unfair labor practice charges filed by two former employees

of UCOR, Patricia Sexton and Wendy Colyer.  [Doc. 12, pgs. 2–4; Doc. 4-1].

Sexton and Colyer were union employees, represented by Local 818 of the Laborers'

International Union of North America, and mowed lawns for UCOR on the Oak Ridge Reservation

for part of the year and otherwise worked as general laborers during the non-mowing season.  [Doc.

12, pg. 2].  UCOR alleges that it terminated Sexton and Colyer's employment because they

violated a collective bargaining agreement and created a hostile work environment. *Id.* UCOR terminated the employees on April 20, 2023, and they filed complaints with the NLRB and their union. *Id.*

The parties resolved the union complaints in October 2024 but were unable to come to a resolution with the NLRB. *Id.* After engaging in unsuccessful settlement negotiations for several months, the NLRB ultimately issued an administrative complaint alleging that UCOR violated the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 et seq., and set an unfair labor practice hearing for November 3, 2025. *Id.* at 3; [Doc. 4-1, pgs. 5, 10]. The government shutdown in the fall of 2025 delayed the hearing, and it was rescheduled to April 20, 2026. [Doc. 12, pgs. 3–4].

UCOR filed suit before this Court on April 8, 2026, two weeks from the scheduled NLRB hearing date, alleging that the NLRB proceeding is unconstitutional because (1) both the ALJ and the NLRB board members are improperly insulated from presidential control and (2) by seeking compensatory damages, the NLRB is violating UCOR's Seventh Amendment right to a trial by jury. *Id.* at 5. In the instant Motion, UCOR seeks for the Court to enjoin the NLRB's hearing "until the statutes restricting removal of NLRB [board] members and ALJs, have been repealed or the Supreme Court (or the Sixth Circuit) has held them to be unconstitutional." *Id.* at 27.

## II. DISCUSSION

### A. Jurisdiction under the Norris-LaGuardia Act

The threshold question the Court must first resolve is whether it has jurisdiction to enjoin the administrative proceeding. The Norris-LaGuardia Act (the "Act") provides that no court "shall have jurisdiction to issue any restraining order or temporary or permanent injunction in a case involving or growing out of a labor dispute." 29 U.S.C. § 101. While the Sixth Circuit has not

yet addressed this issue, there is an emerging circuit split regarding whether challenges to the constitutionality of the NLRB in federal court involve or grow out of a labor dispute. *See id.*

The Third and Ninth Circuits have held that courts are barred from issuing injunctive relief under the Act in cases raising constitutional challenges to the NLRB's structure that involve or grow out of a labor dispute. *See Spring Creek Rehab. and Nursing Ctr. LLC v. NLRB*, 160 F.4th 380 (3rd Cir. 2025) ("*Spring Creek*"); *Amazon.com Servs., LLC v. Teamsters Amazon Nat'l Negotiating Comm.*, 163 F.4th 624 (9th Cir. 2025) ("*Amazon*"). Whereas the Fifth Circuit has held that a suit challenging the NLRB's constitutionality falls outside the scope of the Act and it does not divest courts from issuing injunctive relief over such NLRB actions. *See Space Expl. Techs. Corp. v. NLRB*, 151 F.4th 761 (5th Cir. 2025) ("*SpaceX*").

As this is an issue of statutory interpretation, the Court must begin its analysis "with the text of the statute." *Van Buren v. United States*, 593 U.S. 374, 381 (2021). The Act provides that "[n]o court of the United States ... shall have jurisdiction to issue any ... temporary or permanent injunction in a case involving or growing out of a labor dispute." 29 U.S.C. § 101. The Act defines a "labor dispute" as "any controversy concerning terms or conditions of employment, or concerning the association or representation of persons in negotiating, fixing, maintaining, changing, or seeking to arrange terms or conditions of employment." *Id.* § 113(c). The Act also explains:

> A case shall be held to involve or to grow out of a labor dispute when the case involves persons who are engaged in the same industry, trade, craft, or occupation; or have direct or indirect interests therein; or who are employees of the same employer; or who are members of the same or an affiliated organization of employers or employees; whether such *dispute* is (1) between one or more employers or associations of employers and one or more employees or associations of employees; (2) between one or more employers or associations of employers and one or more employers or associations of employers; or (3) between one or more employees or associations of employees and one or more employees or associations of employees; or when the *case* involves any conflicting or competing interests in

3

a "labor dispute" (as defined in this section) of "persons participating or interested" therein (as defined in this section).

*Id.* § 113(a).

The Court agrees with the Third and Ninth Circuit's reading of the Act that "§ 113(a) imposes separate requirements related to the pending case and the underlying labor dispute." *Amazon*, 163 F.4th at 630; *see Spring Creek*,160 F.4th at 385. "When Congress uses one term in one place, and a materially different term in another, the presumption is that the different term denotes a different idea." *FDA v. R.J. Reynolds Vapor Co.*, 606 U.S. 226, 238–39 (2025) (citations omitted). The text of the Act provides that the underlying labor dispute must concern "terms or conditions of employment, or [ ] the association or representation of persons." 29 U.S.C. § 113(c). The pending case before the Court must then "involve or ... grow out of" that dispute, not that it must also involve a labor dispute. *Id.* § 113(a); *see Amazon*, 163 F.4th at 630–31; *Spring Creek*, 160 F.4th at 384–85. The Fifth Circuit's reasoning, that the Act does not apply in cases raising constitutional challenges to the NLRB's structure because they do not concern "terms or conditions of employment, or [ ] the association or representation of persons," *SpaceX*, 151 F.4th at 770, "overlooks a common canon of statutory interpretation and distorts the analysis," *Amazon*, 163 F.4th at 630.

The subject of the NLRB's unfair labor practice charge against UCOR undoubtedly involves a labor dispute. *See* 29 U.S.C. § 113(c). It concerns whether UCOR "has been interfering with, restraining, and coercing employees in the exercise of the rights guaranteed" in Section 7 of the NLRA. [Doc. 4-1, pg. 9]. The NLRB's complaint alleges that UCOR's former employees were terminated after they raised concerns about their "wages, hours, and working conditions." *Id.* at 7.

UCOR's case filed before this Court challenging the constitutionality of the NLRB proceedings and the structure of the NLRB itself necessarily involves or grows out of the underlying labor dispute. *See* 29 U.S.C. § 113(a). "It could not have brought this action but for the underlying dispute." *Spring Creek*, 160 F.4th at 385; *see also Armco, Inc. v. United Steelworkers of Am.*, 280 F.3d 669, 680–81 (6th Cir. 2002) (holding the Act deprived it of jurisdiction to enter a consent decree settling constitutional claims collateral to alleged labor law violations because those claims "would not exist but for the underlying [labor dispute]"). As the employer-employee relationship between UCOR and its former employees is at "the matrix of the controversy," the Court is divested of jurisdiction to enjoin the underlying NLRB action under the Act. *Spring Creek*, 160 F.4th at 384 (citing *Jacksonville Bulk Terminals, Inc. v. Int'l Longshoremen's Ass'n*, 457 U.S. 702, 712–13 (1982)); *see also Columbia River Packers Ass'n v. Hinton*, 315 U.S. 143, 147 (1942).

**B.      UCOR's Arguments**

UCOR raises an argument it claims was not addressed by the Fifth, Ninth and Third Circuits because it states that *SpaceX*, *Amazon*, and *Spring Creek* failed to analyze § 104 of the Act. [Doc. 12, pgs. 6–11]. UCOR argues that even if the Court finds that its constitutional challenges involve or grow out of the underlying labor dispute, (1) § 104 only prohibits a court from enjoining a "person or persons" in any "case," it does not prohibit a court from enjoining the United States; and (2) UCOR is not seeking to enjoin any of the activities that § 104 prohibits. *See id.* Section 104 enumerates specific acts that are not subject to restraining orders and states that a court may not issue an injunction "in any case involving or growing out of any labor dispute to prohibit any person or persons participating or interested in such dispute."

Firstly, these arguments are inapt because they overlook the same distinction that the Court addressed above between the case before the Court that involves or grows out of the labor dispute and the underlying labor dispute itself. Also, even if § 104 applied in this instance, it "does not say that the prohibition of § 1 is *limited to* the sorts of activities mentioned in § 4. It is designed, rather, to shout 'We really mean it!' for activities at the core of union operations." *AT&T Broadband, LLC v. Int'l Bhd. of Elec. Workers*, 317 F.3d 758, 760 (7th Cir. 2003) (emphasis in original). Accordingly, "[i]t does not follow … that a district court has jurisdiction to issue a restraining order or injunction … whenever the act sought to be enjoined is not listed in [Section 104]." *In re Dist. No. 1-Pac. Coast Dist., Marine Eng'rs' Beneficial Ass'n*, 723 F.2d 70, 80 (D.C. Cir. 1983).

Secondly, UCOR contends that the Act does not prohibit a court from enjoining the United States because in *United States v. United Mine Workers of Am.*, 330 U.S. 258 (1947), the Supreme Court held that the United States was not a "person" as defined in § 113(b) of the Act. This case, however, is irrelevant because it found that the Act does not apply in a situation where the "the relationship between the Government and the workers is that of employer and employee." *Id.* at 289. That is not the issue before the Court.

UCOR also argues that the Court should apply the *Thunder Basin* factors as the Fifth Circuit did in *SpaceX*. [Doc. 12, pgs. 11–12]; *SpaceX*, 151 F.4th at 771 (discussing *Thunder Basin Coal Co. v. Reich*, 510 U.S. 200 (1994)). "The *Thunder Basin* inquiry arises when Congress enacts a statutory-review scheme of agency action that *implicitly* divests district courts of jurisdiction." *Amazon*, 163 F.4th at 635 (citing *Thunder Basin*, 510 U.S. at 207) (emphasis added)). The Act is not an implicit limitation to be weighed against the availability of alternative review — it is an express statutory bar on this Court's power to grant injunctive relief in cases involving or growing

6

out of labor disputes. *See Free Enter. Fund v. Pub. Co. Acct. Oversight Bd.*, 561 U.S. 477, 489 (2010) (applying *Thunder Basin* only because the relevant statute "d[id] not expressly limit the jurisdiction that other statutes confer on district courts"). Where Congress has spoken directly, there is nothing for *Thunder Basin* to resolve. *Axon Enterprise, Inc. v. Federal Trade Commission* confirms rather than undermines this distinction: the Court applied *Thunder Basin* precisely because no statute *explicitly* foreclosed district court review of the FTC's structural constitutionality. 98 U.S. 175, 185–86 (2023). Here, an explicit statutory bar controls, and *Axon's* framework does not apply. *Id.*

## III.    CONCLUSION

The Act divested federal courts of jurisdiction to issue injunctive relief in cases "involving or growing out of a labor dispute," 29 U.S.C. § 101, and "[f]ederal courts are courts of limited jurisdiction" that "possess only that power authorized by Constitution and statute" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). For the reasons explained above, UCOR's Motion [Doc. 4] for a temporary restraining order or preliminary injunction is **DENIED**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge